IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NOBLE T. BUCHANNON,**

        Plaintiff,

v.   Case No. 4:20-cv-402

**ASSOCIATED CREDIT SERVICES, INC.,**

        Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff NOBLE T. BUCHANNON as and for his Complaint against Defendant ASSOCIATED CREDIT SERVICES, INC. respectfully alleges and shows this Honorable Court:

### INTRODUCTION

1. Plaintiff in this action is NOBLE T. BUCHANNON ("Plaintiff").

2. Defendant in this action is ASSOCIATED CREDIT SERVICES, INC. ("Defendant").

3. Plaintiff in this civil action hereby states a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. The FDCPA was enacted in 1978 to protect consumer and regulate the conduct of debt collectors.

5. Congress stated its findings and purpose of the FDCPA:

(a) Abusive practices

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Inadequacy of laws

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Available non-abusive collection methods

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Interstate commerce

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) Purposes

> It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

6. This is a civil action to enforce liability created by the FDCPA.

7. 15 U.S.C. § 1692k(d) provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k(d).

9. The FDCPA is law of the United States.

10. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

12. Defendant is an entity with the capacity to sue and be sued in its common name.

13. Defendant conducts business in the State of Florida.

14. Defendant conducts business in this judicial district.

15. Defendant is subject to this court's personal jurisdiction.

16. Defendant is deemed to reside in this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

17. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).

## PARTIES

18. Plaintiff is a natural person allegedly obligated to pay a debt to Defendant.

19. The alleged debt that Plaintiff is allegedly obligated to pay to Defendant allegedly arose out of a transaction in which the money, property, insurance, or services that are the subject of the transaction was primarily for personal, family, or household purposes.

20. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. The alleged debt that Plaintiff allegedly owes to Defendant, and that Defendant attempted to collect from Plaintiff, is a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

22. Defendant is a foreign profit corporation.

23. Defendant does business in the State of Florida.

24. Defendant is registered with the Florida Department of State.

25. Defendant's Florida Department of State FEI/EIN Number is 04-2490014.

26. Defendant filed with the Florida Department of State on 01/06/2000.

27. Defendant was originally incorporated in the State of Massachusetts.

28. Defendant's Status with the Florida Department of State is Active.

29. Defendant's Principal Address as registered with the Florida Department of State is 115 Flanders Rd., Suite 140, Westborough, MA 01581.

30. Defendant's Mailing Address as registered with the Florida

Department of State is P.O. Box 5171, Westborough, MA 01581.

31. Defendant's Registered Agent's Name is Corporation Service Company.

32. Defendant's Registered Agent's Address is 1201 Hays Street, Tallahassee, FL 32301-2525.

33. Defendant's President is Andrew B. Robinson.

34. Defendant's Chief Executive Officer is Andrew B. Robinson.

35. Defendant's Director is Andrew B. Robinson.

36. Defendant's Chief Operations Officer is Jason Neel.

37. Defendant's Controller is Renee I. Vinik.

38. Defendant's Manager and Operations Support is Donna Wilson.

39. Defendant's Collection Manager is Alfred Letendre.

40. Defendant's Client Services Manager is Christine Montecalvo.

41. Defendant's Uniform Resource Locator ("URL") on the world wide web or internet is www.acsrecovery.com ("Website").

42. On the internet, Defendant abbreviates its business name as "ACS."

43. Defendant's Website states at www.acsrecovery.com as of August 7, 2020, "The ACS Advantage[.] No collection, No charge. As a leader in Accounts Receivable Management for over 4 decades, we pride ourselves on treating your business as an extension of our own. Our mission is to provide maximum liquidation and recovery for our clients while maintaining the very highest ethical standards. We tailor our recovery efforts to meet the needs of our diverse nationally recognized client base."

44. Defendant's Website further states at www.acsrecovery.com/about-us/client-services/ as of August 7, 2020, "Client Service[.] ACS is dedicated to

serving the very specific needs of our clients with an unparalleled commitment to customer service. We understand the unique needs of our clients and we respond with a program tailored to exceed your goals and requirements. Our Client Services Staff provides assistance regarding consumer's accounts, placement activity, interest calculations and adjustments, recovery performance, monthly reporting, remittance support and so much more. Our Client Access portal allows you to easily access your accounts 24 hours a day."

45. Defendant's Website further states at www.payacs.com/consumer-disclosures/ as of August 7, 2020, "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector."

46. Defendant is a person.

47. Defendant uses one or more instrumentalities of interstate commerce, including telephone or the mails in their business to collect defaulted consumer debt.

48. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

49. Defendant acts through its agents.

50. Defendant acts through its employees.

51. Defendant acts through its officers.

52. Defendant acts through its representatives.

53. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

54. Defendant's conduct with respect to Plaintiff is considered debt collection.

55. Defendant's contacts with respect to Plaintiff are for debt collection.

## FACTUAL ALLEGATIONS

56.     On or about April 2020, Plaintiff checked his consumer report and noticed a collection tradeline furnished by Defendant with a balance of $180 allegedly owed to TD AMERITRADE INC ("alleged debt" or "Alleged Debt").

57.     Defendant's furnishing of the alleged debt information to one or more consumer reporting agencies was an attempt by Defendant to collect the alleged debt from Plaintiff.

58.     Defendant's furnishing of the alleged debt information to one or more consumer reporting agencies was an indirect communication by Defendant to Plaintiff with respect to the alleged debt.

59.     On or about April 29, 2020, Plaintiff wrote and sent a letter via United Postal Service mail to Defendant disputing the alleged debt and requesting verification of the alleged debt pursuant to the provisions of 15 U.S.C. § 1692g(b).

60.     Plaintiff's dispute letter to Defendant was in response to Defendant's letter to Plaintiff that Plaintiff received on or about March 30, 2020.

61.     However, as of August 1, 2020, consumer Plaintiff rechecked his consumer report and was very frustrated to learn that Defendant failed to communicate to Equifax, a consumer reporting agency, that the alleged debt was disputed by Plaintiff.

62. Defendant has continued to report to Equifax or one or more consumer reporting agencies the alleged debt allegedly concerning Plaintiff as a tradeline every month without noting Plaintiff's dispute of the alleged debt.

63. Credit reporting or consumer credit reporting by a debt collector such as Defendant constitutes an attempt to collect a debt. (*See, e.g.*, Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R 1993) (a creditor's report of a debt to a consumer reporting agency is a powerful tool, designed in part to wrench compliance with payment terms from its cardholder.")).

64. Defendant materially lowered Plaintiff's credit score(s) by failing to note Plaintiff's dispute of the alleged debt when Defendant communicated to one or more consumer reporting agencies after Plaintiff's dispute of the alleged debt.

65. A debt reported without dispute results in a much lower credit score than a report of both and the dispute. (*See Sanders v. Branch Bank and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).).

66. 15 U.S.C. § 1692e of the FDCPA provides, in part, as follows:

> False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or mean in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

8

67. On or about May 2020, Defendant knew or should have known that Plaintiff disputed the alleged debt because Plaintiff notified Defendant of the dispute.

68. Even though Defendant knew or should have known in May 2020, that Plaintiff disputed owing the alleged debt, Defendant failed to thereafter communicate to one or more consumer reporting agencies that the alleged debt was disputed, in violation of 15 U.S.C. § 1692e(8).

69. Namely, Defendant subscribes to Equifax and reported the alleged debt to Equifax.

70. After Defendant received Plaintiff's dispute of the alleged debt, Defendant communicated with Equifax concerning the alleged debt, but failed to communicate to Equifax that the alleged debt was disputed by Plaintiff.

71. Defendant's conduct has caused Plaintiff anger and emotional distress.

72. Defendant's conduct has caused Plaintiff much anger.

73. Defendant's conduce has caused Plaintiff to suffer much frustration.

74. Defendant's conduct has caused Plaintiff financial harm and loss.

75. Defendant's conduct has caused Plaintiff's credit rating to lowered.

76. Plaintiff suffered actual damages as a result of Defendant's unlawful debt collection communications and conduct described herein.

## COUNT I – VIOLATION OF THE FDCPA

77. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 76.

78. Defendant violated 15 U.S.C. § 1692e(8) by failing to communicate to consumer reporting agencies that the subject alleged debt was disputed by Plaintiff.

79. Defendant violated 15 U.S.C. §1692e(8) by communicating credit information allegedly concerning Plaintiff that Defendant should have known to be false.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff NOBLE T. BUCHANNON requests that this Court enter judgment against Defendant ASSOCIATED CREDIT SERVICES, INC. for:

a) Actual damages in an amount to be determined by the Court or jury pursuant to the provisions of 15 U.S.C. § 1692a(1);

b) Statutory damages of up to $1,000.00 (U.S.) pursuant to the provisions of 15 U.S.C. § 1692a(2)(A);

c) Costs of this action pursuant to the provisions of 15 U.S.C. § 1692a(3);

d) Attorney's fees pursuant to the provisions of 15 U.S.C. § 1692a(3); and

e) Such other and further relief that this Honorable Court deems just and proper.

|                          | Respectfully submitted,                                   |
|--------------------------|-----------------------------------------------------------|
| Date:  August 7, 2020    | *[signature: Brian L. Ponder]*                            |
|                          | Brian L. Ponder, Esq. (NY: 5102751)                       |
|                          | BRIAN PONDER LLP                                          |
|                          | 200 Park Avenue, Suite 1700                               |
|                          | New York, New York 10166                                  |
|                          | Telephone: (646) 450-9461                                 |
|                          | Facsimile: (646) 607-9238                                 |
|                          | Email: brian@brianponder.com                              |
|                          | ATTORNEY FOR PLAINTIFF                                    |

## TRIAL BY JURY DEMAND

Pursuant to Fed. R. Civ. P. 39, Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

Date: August 7, 2020

Brian L. Ponder, Esq.
ATTORNEY FOR PLAINTIFF